UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



—————————————————————

JASON RIVERA,

       Plaintiff,

   v.

                              20-CV-1346 (JLS)

NURSE GOULD, Southport
Correctional Facility, and JOHN DOE,
Corrections Officer, Attica Correctional
Facility,[1]

       Defendants.

—————————————————————

## ORDER

*Pro se* Plaintiff Jason Rivera is a prisoner confined at the Southport

Correctional Facility ("Southport CF").  He filed this action seeking relief under 42

U.S.C. § 1983 and alleged that (1) Defendant John Doe, Correctional Officer ("CO"),

subjected him to excessive force at the Attica Correctional Facility ("Attica CF"); (2)

---

[1] The Caption of Rivera's initial Complaint lists only the Southport and Attica Correctional Facilities as Defendants in this action, Dkt. 1, at 1, but the Defendant's Information Section and body of the Complaint identify Defendants as Nurse Gould and John Doe, Correctional Officer ("CO"), Attica Correctional Facility, *id.*, at 2, 5-7. The Caption of the Amended Complaint lists Gould, John Doe, Correctional Officer, and Attica Correctional Facilities as Defendants.  Dkt. 9, at 1.  To the extent Rivera intended to sue the Attica and Southport Correctional Facilities, these facilities are branches of the New York State Department of Corrections and Community Supervision ("DOCCS"), an agency of the State of New York, and thus are immune from damages under the Eleventh Amendment to the United States Constitution. *See Rivera v. Goord,* 119 F. Supp. 2d 327, 336 (S.D.N.Y. 2000) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)).

following his transfer to Southport CF, Defendant Nurse Gould denied him x-rays for a prior injury suffered at Attica CF; and (3) his personal property was delayed 12 days following his transfer to Southport CF and, because he did not have his shower shoes, he developed a foot fungus in the shower.  Dkt. 1; Dkt. 8 ("Screening Order"), at 5-6.

The Court granted Rivera permission to proceed *in forma pauperis* and screened the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Dkt. 8, at 2. Upon screening, the Court (1) dismissed the claims brought against the Attica and Southport Correctional Facilities with prejudice, and (2) determined that the remaining claims set forth in the Complaint would be dismissed with prejudice unless Rivera filed an amended complaint setting forth plausible claims for relief. *Id.* at 13-14.  Rivera has filed an Amended Complaint (Dkt. 9), which the Court must screen under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

For the reasons set forth below, the Amended Complaint fails to state claims upon which relief can be granted and is dismissed with prejudice.

## DISCUSSION

### I.    LEGAL STANDARD

#### A.    Section 1915

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  A court shall

dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1)-(2).  Courts should not dismiss *pro se* complaints "without . . . granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Rivera's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").  Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357

F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 77-78 (2d Cir. 2004).

### B.    Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of respondeat superior is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is no "special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 612 (2d Cir. 2020). Instead, a plaintiff must plead and prove that "each

4

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* (internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

## II.   RIVERA'S ALLEGATIONS

The Amended Complaint is in all material respects identical to the Complaint and again fails to allege plausible claims for relief under the Eighth Amendment. *See* Dkt. 8, at 5-12; Dkt. 9, at 5-7.  Liberally construed, the Amended Complaint alleges the following.  On June 23, 2020, at Attica CF, Defendant John Doe, CO, escorted Rivera to a sick call-out and placed leg irons on Rivera "very aggressively." Dkt. 9, at 5.  John Doe "pulled [Rivera's] legs over the table, which caused [his] legs to do a split and the leg irons caused serious pain to [his] legs." *Id.*  Defendant "almost broke my legs." *Id.*  Rivera suffered "scrapes and bruises" on his legs, and this is causing and will "caus[e] pain in [his] legs for the rest of [his] life." *Id.* Rivera's legs "sometimes give out causing [him] to fall." *Id.*

On July 6, 2020, Rivera was transferred to Southport CF, but did not receive his property bag until 12 days later. *Id.* at 6.  He had to take showers without his shower shoes and, as a result, developed "foot fungus or some sort of peeling, itching on [his] foot." *Id.*  On at least two occasions, July 6, 2020 and August 19, 2020, Rivera asked Defendant Nurse Gould if he was still on the list for x-rays for a prior injury and she told him he was not on the list and did not need to be on this list because "[he] seemed fine." *Id.* at 5-7.  Gould continues to deny Rivera medical

attention and advises him that he "seem[s] fine but she does not even know what is wrong with [him]." *Id.* at 7.

## III.   ANALYSIS

The initial Screening Order fully sets forth the Court's analysis of the three claims alleged in the Complaint and, because the claims asserted in the Amended Complaint are materially identical to the claims asserted in the Complaint, that prior analysis applies fully to the Amended Complaint. *See* Dkt. 8, at 6-13. The Amended Complaint again alleges (1) a claim of excessive force against Defendant John Doe CO, (2) a denial of adequate medical care against Defendant Nurse Gould, and (3) a conditions-of-confinement claim against some unidentified individuals. *See* Dkt. 9, at 5-7.

### A.   Excessive Force

Rivera again alleges that Defendant John Doe CO "very aggressively"[2] applied leg irons on him by placing his legs over the table and causing his legs to a split. Dkt. 9, at 5. He suffered scrapes and bruises and he will suffer leg pain for life. *Id.* The Court determined previously that these allegations failed to allege a serious injury or that Defendant possessed a "wanton" state of mind. Dkt. 8, at 7.

The Eighth Amendment prohibits the use of cruel and unusual punishment. U.S. Const. amend. VIII. This includes the "unnecessary and wanton infliction of

---

[2] The Court notes that the Complaint alleged that Defendant placed leg irons on Rivera "aggresivly [sic]." *See* Dkt. 1, at 5.

pain." *See Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  A claim of cruel and unusual punishment in violation of the Eighth Amendment "has two components—one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009).  "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).

To assess an Eighth Amendment claim, this Court must consider both the subjective and the objective components of the alleged violations.  *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994).  The objective component "relates to the seriousness of the injury."  *Id.*  The Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  *Id.* at 29 n.1 (citing *Hudson*, 503 U.S. 9-10 (internal quotations omitted)).  The subjective component addresses whether the defendant possessed a wanton state of mind while engaging in the use of force.  *Id.* at 30.  Punishments that are "'incompatible with the evolving standards of decency that mark the progress of a maturing society' or 'involv[e] the unnecessary and wanton infliction of pain' are 'repugnant to the Eighth Amendment.'"  *Hudson*, 503 U.S. at 10 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)).

As initially determined, Rivera's allegations regarding the seriousness of his injury are "both conclusory and inconsistent." Dkt. 8, at 7. There are no additional allegations in the Amended Complaint that alter this conclusion. *See* Dkt. 9, at 5. Rivera again alleges only that he suffered scrapes and bruises and will suffer pain for the rest of his life. *Id.* Rivera does not plausibly allege that the harm resulting from the alleged use of force was serious. Rivera need not show a serious or significant injury to establish the objective component of an Eighth Amendment claim, but he must establish that the force was used "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6 (citing *Whitley v. Abers*, 475 U.S. 312, 320-21 (1986)). The allegation that Defendant placed leg irons on Rivera "very aggressively" is insufficient to allege that the force was used "maliciously and sadistically" simply for the purpose of causing harm. *See* Dkt. 9, at 5.

Accordingly, Rivera again fails to allege plausibly a violation of the Eighth Amendment based on the alleged use of excessive force. This claim is dismissed with prejudice.

## B.     Deliberate Indifference to a Serious Medical Need

Rivera alleges that Defendant Nurse Gould refused to place him on a list for x-rays for a prior injury and told him on a couple of occasions that he did not need x-rays and "seemed fine." *Id.* at 6-7. In order to allege an Eighth Amendment constitutional violation based on alleged denial of medical treatment, a plaintiff

8

must show that the defendant was deliberately indifferent to a serious medical need. *See Estelle*, 429 U.S. at 104-05; *see also Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). If "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," then the condition is a serious medical condition. *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (internal quotation marks omitted) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). The Second Circuit has observed:

> [medical] conditions . . . vary in severity and . . . a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* at 136-37 (quoting *Chance*, 143 F.3d at 702); *see also Banks v. Mannoia*, 890 F. Supp. 95, 99 (N.D.N.Y. 1995) ("The serious medical need requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain.").

As with the Complaint, Rivera's amended pleading fails to set forth both a serious physical injury and deliberate indifference. *See* Dkt. 9, at 6-7. The Amended Complaint, again, alleges only that he suffered a prior injury, and Gould told him he was not on the x-ray list and seemed fine. *See id.*; Dkt. 8, at 9 n.3. As stated in the Screening Order, Rivera alleges nothing related to the nature of the injury nor the duration, severity, frequency or anything else to allege a serious

injury. Dkt. 8, at 9 (citing *Neary v. Wu*, 753 F. App'x 82, 84 (2d Cir. 2019) ("We have

previously held that a plaintiff-prisoner establishes a 'serious medical need' where

[he] suffered 'chronic pain the magnitude of which probably falls somewhere

between 'annoying' and 'extreme.'") (quoting *Brock v. Wright*, 315 F.3d 158, 163 (2d

Cir. 2003)); *Livingston v. Goord*, 225 F. Supp. 2d 321, 329 (W.D.N.Y. 2002), *vacated

in part on other grounds by* 153 F. App'x 769, 770 (2d Cir. 2005) (The "assertion of

pain sensation alone, unaccompanied by any large medical complications, does not

amount to a serious medical need under the Eighth Amendment." (internal

quotation marks omitted)).

Additionally, other than alleging that Gould told him he "seemed fine" and

did not need x-rays, Dkt. 9, at 6-7, Rivera alleges nothing to support a plausible

claim that Gould was deliberately indifferent to his prior injury. *See Farmer v.

Brennan*, 511 U.S. 825, 837 (1994). An isolated failure to provide medical

treatment, without more, is not actionable unless the surrounding circumstances

suggest a degree of deliberate indifference, rather than inadvertence. *See Gill v.

Mooney*, 824 F.2d 192, 196 (2d Cir. 1987).

As previously stated in the initial Screening Order: "The allegations . . . are

silent at to the circumstances surrounding Rivera's unspecified knee injury and,

thus, do not suggest any degree of deliberateness on the part of Nurse Gould." Dkt.

8, at 10. In the absence of any additional allegations, the Amended Complaint fails

to state a claim of deliberate indifference against Gould.  This claim is dismissed with prejudice.

## C.   Delay in Receipt of Property and Conditions of Confinement

Rivera alleges that, upon his transfer to Southport CF, the receipt of his property bag was delayed 12 days.  *See* Dkt. 9, at 6.  He, therefore, did not have his shower shoes and developed foot fungus or itching on his feet.  *See id.*  These allegations were (and are again) construed as a conditions-of-confinement claim under the Eighth Amendment.  Dkt. 8, at 11 & n.4 ("To the extent Rivera may be asserting a claim based solely on the violation of a DOCCS rule, regulation or directive, it is dismissed because a violation of a state rule or regulation alone does not give rise to a constitutional violation.").

In order to allege a plausible conditions-of-confinement claim, a plaintiff must allege (1) that the conditions were so serious that they constituted a denial of the "minimal civilized measures of life's necessities," and (2) that the defendants acted with "deliberate indifference."  *Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996) (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)).  The Eighth Amendment does not mandate "comfortable" prisons, but the conditions of confinement cannot "involve the wanton and unnecessary infliction of pain.'" *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981)).  A prisoner must allege that, objectively, the prison conditions posed an unreasonable risk of

11

serious harm or danger to his health or safety.  *See Rhodes*, 452 U.S. at 347.

Subjectively, he must allege that the defendant "knows of and disregards an

excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.  Rivera has

alleged neither required component of this claim.  *See* Dkt. 9, at 6.  He alleges that

he did not timely receive his shower shoes upon transfer, that the shower floors

were dirty and that, as a result, he developed a foot fungus or some type of itching.

*See id.*  This does not allege a plausible claim that the shower floors posed an

unreasonable risk of harm or serious injury to Rivera and that some unidentified

prison employee knew of and disregarded such a risk.

## CONCLUSION

For the reasons discussed above, the Amended Complaint is dismissed with

prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.  Rivera is

forewarned that his right to pursue relief in federal court at public expense will be

greatly curtailed if he has three actions or appeals dismissed under the provisions of

28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any

appeal from this Order would not be taken in good faith and leave to appeal to the

Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S.

438 (1962).  Further requests to proceed on appeal as a poor person should be

directed, on motion, to the United States Court of Appeals for the Second Circuit, in

accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## <u>ORDER</u>

IT HEREBY IS ORDERED that the Amended Complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.


SO ORDERED.


DATED:     March 24 2021
           Buffalo, NY

_____

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

13